STATE of Minnesota, Respondent,

v.

Edwin George SCHROEDER, Appellant.

No. C5–96–929.

Court of Appeals of Minnesota.

March 18, 1997.

Review Denied May 20, 1997.

Hubert H. Humphrey, III, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, for Respondent.

Raymond F. Schmitz, Olmsted County Attorney, Rochester, for Respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Assistant State Public Defender, Minneapolis, for Appellant.

Considered and decided by DAVIES, P.J., and RANDALL and SHORT, JJ..

## OPINION

DAVIES, Judge.

Appellant Edwin George Schroeder challenges his conviction on the ground that his incriminating statements should have been suppressed because the arresting officers violated the *Scales* requirement that custodial interrogation be recorded. We affirm.

## FACTS

Appellant was arrested for assisting in a burglary. Immediately after his arrest, he was placed in a police squad car and read his *Miranda* rights. Appellant did not assert those rights and, in response to statements made by the arresting officer, made several incriminating statements. Neither appel-

lant's nor the officer's statements in the squad car were recorded. The officer estimates that the *Miranda* reading, the interrogation, and the incriminating statements sought to be suppressed took from three to four and a half minutes. Both officers at the scene had tape recorders, but they testified that one recorder was not working and the other could not be found.

Appellant moved to suppress the unrecorded statements on the ground that they were not recorded as required by *State v. Scales,* 518 N.W.2d 587 (Minn.1994). The district court denied the motion, finding that, because of inoperative equipment, it was not feasible for the officers to record appellant's statements. The trial court found appellant guilty as charged.

## ISSUE

Was the officers' failure to record appellant's incriminating statements a substantial violation of the *Scales* recording requirement?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

In *State v. Scales,* the Minnesota Supreme Court held that

> all custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded *where feasible* and must be recorded when questioning occurs at a place of detention.

*State v. Scales,* 518 N.W.2d 587, 592 (Minn. 1994) (emphasis added). Appellant argues that the statements he made to the officer in the squad car should have been suppressed because such unrecorded statements violate the *Scales* mandate.[1]

Appellant argues that "feasible" should be interpreted under *Scales* to mean "capable of

being done" and that, with today's advanced electronic technology, it is possible for police to have working tape recorders available in all squad cars. To so interpret *Scales* would extend the absolute requirement to record to all instances of custodial interrogation, not just to places of detention. We decline to so extend *Scales.*

We choose, however, not to base our decision, as did the trial court, on the bare fact that the recording equipment was inoperative. To do so would remove a desirable incentive for police officers to keep recording equipment in working order. We choose, instead, to address the circumstances by applying the second *Scales* test: whether failing to record the interrogation is a *substantial* violation of the recording requirement.

■ Any unrecorded statement made by a suspect in response to interrogation may be suppressed at trial, and it must be suppressed if the violation is deemed *substantial. Scales,* 518 N.W.2d at 592. Whether a violation is substantial is to be decided "considering all relevant circumstances bearing on substantiality." *Id.*

■ The recording requirement is intended "to avoid factual disputes underlying an accused's claims that the police violated his constitutional rights." *State v. Williams,* 535 N.W.2d 277, 289 (Minn.1995). Any failure to record interrogation, therefore, would be a substantial violation if there is a credible suggestion of police overreaching.

■ There is no such suggestion here, for appellant makes no claim that law enforcement officers violated his constitutional rights. Appellant agrees that the officers properly informed him of his *Miranda* rights and that he made the unrecorded statements after being read those rights. He also does not dispute that the statements were voluntary. We therefore hold that the police officers' failure in this case to record the first few minutes of questioning, when disabled from doing so by inoperative equipment, was

---

1. Respondent and appellant agree that appellant's unrecorded statements were made as part of a custodial interrogation. *See Umphlett v. Commissioner of Pub. Safety,* 533 N.W.2d 636,

640 (Minn.App.1995) (custodial interrogation is threshold for determining whether *Scales* applies), *review denied* (Minn. Aug. 30, 1995).

not a substantial violation of the *Scales* recording rule.

In the future it would, of course, be prudent for a police officer who, for whatever reason, has conducted a brief unrecorded custodial interrogation to promptly document during a subsequent recorded interrogation the following information about the unrecorded interrogation: that the *Miranda* warning was given, that *Miranda* rights were not asserted, what unrecorded questions were asked, what responses were given by the suspect, that the suspect admitted voluntariness, and what reason existed for not having recorded the interrogation.

## DECISION

The district court did not err in finding admissible appellant's unrecorded incriminating statements.

**Affirmed.**

SHORT, Judge (concurring specially.)

I concur in the judgment only insofar as it concludes Schroeder's statement was properly admitted into evidence.